1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DENISE CRONIN,                    )   NO. CV 09-03866 SS
                                       )
12                  Plaintiff,         )
                                       )
13        v.                           )   **MEMORANDUM DECISION AND ORDER**
                                       )
14   MICHAEL J. ASTRUE,                )
     Commissioner of the Social        )
15   Security Administration,          )
                                       )
16                  Defendant.         )
                                       )
17

18                         **I.  INTRODUCTION**

19

20        Plaintiff Denise Cronin ("Plaintiff") seeks review of the decision

21   of Michael J. Astrue, Commissioner of the Social Security Administration

22   (the "Commissioner" or the "Agency") denying her application for

23   disability benefits.  The parties consented to the jurisdiction of the

24   undersigned United States Magistrate Judge pursuant to 28 U.S.C. §

25   636(c).  For the reasons stated below, the decision of the Commissioner

26   is REVERSED and REMANDED for further proceedings.

27

28

1

2

## II. PROCEDURAL HISTORY

3

4     Plaintiff filed an application for disability insurance benefits

5 on March 1, 2007.[1]  The Commissioner denied Plaintiff's claim on June

6 13, 2007. (Administrative Record ("AR") 62-65).  The Commissioner later

7 denied Plaintiff's request for reconsideration on July 11, 2007.  (AR

8 66). Plaintiff requested a hearing before an Administrative Law Judge

on July 31, 2007.

9

10     Administrative Law Judge Michael Radensky (the "ALJ") held a

11 hearing on November 12, 2008.  (AR 6-45).  The ALJ issued a decision

12 denying Plaintiff's application for benefits on February 9, 2009.  (AR

13 61).  The Appeals Council denied Plaintiff's request for review on April

14 21, 2009.  (AR 1-4).  Plaintiff filed the current action on May 29,

15 2009.

16

17

## III. THE ALJ'S DECISION

18

19     In his decision, the ALJ determined that Plaintiff suffered from

20 morbid obesity, neck and low back pain, asthma, and fibromyalgia.  (AR

21 53).  The ALJ stated that Plaintiff's impairments could produce symptoms

22 of pain and disability.  (AR 56-57).  However, he determined that the

23 alleged intensity, persistence, and limiting effects of these symptoms

24 alleged by Plaintiff were not credible.  (See AR 57-58).  As a result,

25 he determined that Plaintiff was not disabled. (AR 61).

26

27

28     [1]    Plaintiff's application is not contained within the
Administrative Record.

1

2                        **IV. STANDARD OF REVIEW**

3

4       Under 42 U.S.C. § 405(g), a district court may review the

5  Commissioner's decision to deny benefits.  The court may set aside the

6  Commissioner's decision when the ALJ's findings are based on legal error

7  or are not supported by substantial evidence in the record as a whole.

8  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v.

9  Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

10

11      "Substantial evidence is more than a scintilla, but less than a

12 preponderance."  Reddick v. Chater, 157 F.3d 715, 720 (9th. Cir. 1998)

13 (citing Jamerson v. Chater, 112 F. 3d 1064, 1066 (9th. Cir. 1997)).  It

14 is "relevant evidence which a reasonable person might accept as adequate

15 to support a conclusion."  Id.   To determine whether substantial

16 evidence supports a finding, the court must "'consider the record as a

17 whole, weighing both evidence that supports and evidence that detracts

18 from the [Commissioner's] conclusion.'"  Aukland, 257 F.3d at 1035

19 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the

20 evidence can reasonably support either affirming or reversing that

21 conclusion, the court may not substitute its judgment for that of the

22 Commissioner.  Reddick, 157 F.3d at 720-21.

23

24                        **IV. DISCUSSION**

25

26      Plaintiff contends that the Commissioner's decision should be

27 reversed for two reasons.  First, Plaintiff complains that the ALJ

28 failed to give specific and legitimate reasons for rejecting Dr. Pamela

1  Alvarez's findings.  (Jt. Stip. at 4).  Second, Plaintiff alleges that
2  the ALJ failed to provide clear and convincing reasons for rejecting
3  Plaintiff's subjective pain testimony.  (Jt. Stip. at 14). The Court
4  agrees with Plaintiff's contentions and remands this action for further
5  proceedings.

6

7  **A.    The ALJ Failed To Give Specific And Legitimate Reasons For**
8  **Rejecting Dr. Alvarez's Findings**

9

10     Plaintiff contends that the ALJ improperly rejected the medical
11  findings of Dr. Pamela Alvarez regarding Plaintiff's limitations.[2]  (See
12  Jt. Stip. at 5-8).  The Court agrees.

13

14     Dr. Alvarez found that Plaintiff suffers from fibromyalgia and that
15  Plaintiff suffers constant pain because of the disease.  (AR 414-15).
16  Dr. Alvarez concluded that Plaintiff's fibromyalgia prevents Plaintiff
17  from obtaining gainful employment.  (AR 415).

18

19     The Ninth Circuit has held that it is error to require objective
20  medical evidence for fibromyalgia, a disease that eludes objective
21  measurement.  Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004).
22  Fibromyalgia is normally diagnosed when a patient experiences a painful
23  reaction when pressure is applied to eighteen fixed locations throughout
24

25     [2]  Plaintiff does not catagorize Dr. Alvarez as a treating doctor.
26  Dr. Alvarez's letter preceding her report states that "Plaintiff is
    under my care."  This suggests a treating relationship.  However, it is
27  irrelevant whether Dr. Alvarez is a treating or examining doctor here.
28  Under either situation, the ALJ must give specific and legitimate
    reasons for rejecting Dr. Alvarez's findings.

1 the body.  Id. at 590; Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir.

2 2001).    "It's  symptoms  are  entirely  subjective.    There  are  not

3 laboratory tests for the presence or severity of fibromyalgia."  Id. at

4 855 (quoting Sarchet v. Chater, 78 F. 3d 305, 306 (7th Cir. 1996)).

5

6      Here, the ALJ found that Plaintiff has fibromyalgia.  (AR 53).  He

7 then considered the "Fibromyalgia Disease Residual Functional Capacity

8 Questionnaire" filled out by Dr. Pamela Alvarez.  (AR 59).  The report

9 states that Plaintiff meets the American Rheumatological criteria for

10 fibromyalgia and that Plaintiff experiences "always present" pain

11 throughout  her  body.    (AR  414-15).    The  report  concluded  that

12 "[Plaintiff]  is  unable  to  sustain  gainful  employment"  due  to

13 fibromyalgia.  (AR 418).

14

15      However, the ALJ rejected Dr. Alvarez's report because it "offered

16 no laboratory or clinical findings."  (AR 59).  An ALJ commits error by

17 rejecting a doctor's determination about the existence or severity of

18 fibromyalgia because of a lack of objective medical evidence.  Benecke,

19 379 F.3d at 594.  There can be no objective medical evidence supporting

20 a diagnosis of fibromyalgia because there are no "laboratory tests for

21 the presence or severity" of the disease.  Rollins, 261 F. 3d at 855.

22 Accordingly, the ALJ should not have rejected Dr. Alvarez's report due

23 to a lack of laboratory or clinical findings.

24

25      Further, "the opinion of an examining doctor, even if contradicted

26 by another doctor, can only be rejected for specific and legitimate

27 reasons that are supported by substantial evidence in the record."

28 Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996).

1        The ALJ also rejected Dr. Alvarez's findings because he determined
2   "the medical opinions and notes throughout the record weigh heavily
3   against [Plaintiff's] allegations of disability." (AR 59).  The ALJ did
4   not identify, however, with particularity which opinions and notes
5   supported his rejection of Dr. Alvarez's report.  (AR 59).   The ALJ
6   also stated that "the allegations of [disability] levels that preclude
7   all types of work are not consistent with the evidence as a whole and
8   are not credible."  (AR 59).   The ALJ did not identify any specific
9   evidence supporting his determination nor did he cite to specific
10  evidence in the record.   (AR 59).   The ALJ characterized Plaintiff's
11  treatment with Dr. Alverez as "conservative," because Plaintiff only
12  received medication management from Dr. Alverez.   However, the ALJ
13  failed to articulate what other treatment was available for ibromyalgia.
14
15       The ALJ was required to cite "specific and legitimate reasons that
16  are supported by substantial evidence in the record" to reject Dr.
17  Alvarez's findings.  <u>Lester</u>, 81 F. 3d at 830.  Here, the ALJ failed to
18  cite specific evidence in his decision, but instead made general
19  statements about the case as a whole.   Accordingly, the ALJ did not
20  provide specific and legitimate reasons for rejecting Dr. Alvarez's
21  opinion.
22
23       Remand for further proceedings is appropriate where additional
24  proceedings could remedy defects in the Commissioner's decision.  <u>See</u>
25  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179 (9th Cir. 2000), <u>cert. denied</u>, 531
26  U.S. 1038, 121 S. Ct. 628, 148 L. Ed. 2d 537 (2000); <u>Kail v. Heckler</u>,
27  722 F.2d 1496, 1497 (9th Cir. 1984).   Because the ALJ erred when he
28  rejected Dr. Alvarez's report, the case must be remanded to remedy this

1  defect.   Upon remand, the ALJ must either fully credit Dr. Alvarez's

2  report or provide specific and legitimate reasons that are supported by

3  substantial evidence if the ALJ again rejects Dr. Alvarez's findings.

4  Lester, 81 F. 3d at 830.

5

6  **B.    The ALJ Improperly Rejected Plaintiff's Subjective Pain Testimony**

7

8       Plaintiff also alleges that the ALJ failed to articulate clear and

9  convincing reasons for rejecting Plaintiff's subjective pain testimony.

10 (Jt. Stip. at 3).   The Court agrees.

11

12      "Unless there is affirmative evidence showing that the claimant is

13 malingering, the ALJ's reasons for rejecting pain testimony must be

14 clear and convincing." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir.

15 2005); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001)

16

17      Here, Plaintiff testified that she experiences constant pain in her

18 arms, legs, back and neck.   However, the ALJ stated that "for the

19 reasons discussed above, [Plaintiff's] subjective complaints of pain are

20 not fully credible."   (AR 59).   This statement fails to identify any

21 specific reason discussed earlier in the decision that supports the

22 ALJ's determination that Plaintiff's subjective pain testimony is not

23 credible.   (AR 58).   The ALJ also fails to cite any evidence in the

24 record supporting his determination.

25

26      The ALJ further states that "there is a lack of medical

27 documentation of an impairment which would cause extreme pain."   (AR

28 59).   However, as discussed, Plaintiff suffers from fibromyalgia.   (AR

7

1 | 53).  This is a disease that causes pain, and there no laboratory tests

2 | demonstrating the presence or severity of fibromyalgia.  <u>Rollins</u>, 261

3 | F.3d at 855.  Accordingly, it is not surprising that there is a lack of

4 | medical  documentation.    However,  it  is  possible  that  Plaintiff's

5 | fibromyalgia could cause severe pain.

6 |

7 |      An ALJ must give clear and convincing reasons for rejecting a

8 | claimant's subjective pain testimony.  <u>Burch</u>, 400 F. 3d at 680.  The ALJ

9 | has  not  met  this  standard.    Remand  for  further  proceedings  is

10 | appropriate to remedy this defect.  <u>See</u> <u>Harman</u>, 211 F.3d at 1179.  Upon

11 | remand,  the  ALJ  must  either  fully  credit  Plaintiff's  testimony  or

12 | identify  clear  and  convincing  reasons  supported  by  the  record  for

13 | rejecting Plaintiff's subjective pain testimony.

14 |

15 | \\

16 | \\

17 | \\

18 | \\

19 | \\

20 | \\

21 | \\

22 | \\

23 | \\

24 | \\

25 | \\

26 | \\

27 | \\

28 | \\

1

2                            **V. CONCLUSION**

3

4        Consistent with the foregoing, and pursuant to sentence four of 42

5   U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the

6   decision of the Commissioner and REMANDING this matter for further

7   proceedings consistent with this decision. IT IS FURTHER ORDERED that

8   the Clerk of the Court serve copies of this Order and the Judgment on

9   counsel for both parties.

10

11  DATED: February 25, 2010

12                                          _____/S/_____

13                                          SUZANNE H. SEGAL
                                            UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27      [3]  This sentence provides: "The [district] court shall have power
    to enter, upon the pleadings and transcript of the record, a judgment
28  affirming, modifying, or reversing the decision of the Commissioner of
    Social Security, with or without remanding the cause for a rehearing."

                                    9